

1    MORGAN, LEWIS & BOCKIUS LLP
     CARRIE A. GONELL, State Bar No. 257163
2    cgonell@morganlewis.com
     JOHN D. HAYASHI, State Bar No. 211077
3    jhayashi@morganlewis.com
     ALEXANDER L. GRODAN, State Bar No. 261374
4    agrodan@morganlewis.com
     5 Park Plaza, Suite 1750
5    Irvine, CA  92614
     Tel:  949.399.7000
6    Fax:  949.399.7001

7    Attorneys for
     JPMORGAN CHASE BANK, N.A.



8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12   JOSE YANEZ, individually and on       Case No.    CV11-08217
     behalf of other persons similarly
     situated,

13

14                    Plaintiffs,          **JPMORGAN CHASE BANK, N.A.'S
                                           NOTICE OF REMOVAL TO THE
     vs.                                   UNITED STATES DISTRICT COURT
15                                         FOR THE CENTRAL DISTRICT OF
                                           CALIFORNIA**

16   J.P. MORGAN CHASE BANK, NA;
     and  DOES 1 through 10, inclusive,    Diversity Jurisdiction Under The Class
                                           Action Fairness Act
17                    Defendants.
                                           [28 U.S.C. §§ 1332, 1441, 1446 and 1453]
18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
ATTORNEYS AT LAW
    IRVINE

1    **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

2    **COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

3         PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446

4    and 1453, Defendant JPMORGAN CHASE BANK, N.A., ("Defendant" or

5    "Chase") hereby removes the above-entitled action from the Superior Court of the

6    State of California, in and for the County of Los Angeles, to the United States

7    District Court for the Central District of California.  Removal is based on the

8    following grounds:

9    **I.    SUMMARY OF THE COMPLAINT**

10        On or about August 26, 2011, Plaintiff Jose Yanez ("Plaintiff") filed a

11   putative class action complaint on behalf of himself, as a Personal Banker, and

12   similarly situated persons "who worked for Defendant as . . . non-exempt

13   employee[s] in the state of California . . . ."  *See* Ex. A, Complaint ("Compl.") ¶¶ 7,

14   11.  Plaintiff alleges that Chase: violated the provisions of California Labor Code

15   § 510 by failing to pay all overtime wages due on the minimum incentive

16   compensation earned during the first three months of employment, the wages

17   payable in the form of a voucher, or the wages payable in other noncash form;

18   violated the provisions of Labor Code § 226(a) by failing to provide accurate wage

19   statements; violated the provisions of Labor Code § 212 by failing to pay wages

20   negotiable in cash form; and violated the provisions of Labor Code §§ 201 and 202

21   for failing to timely pay all wages due at the time of termination.  *Id.* at ¶¶ 16-17,

22   23, 30-31, 42.  Plaintiff also alleges derivative class claims under Cal. Bus. and

23   Prof. Code §§ 17200, et seq.  *Id.* at ¶ 36.

24   **II.    THE REMOVAL IS TIMELY**

25        This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b),

26   because it is filed within thirty days from September 3, 2011, the date upon which

27   Defendant received service of Plaintiff's Complaint and Summons.  No previous

28   Notice of Removal has been filed or made with this Court for the relief sought

1  herein.

2  ## III.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

3  This Court has original subject matter jurisdiction based on diversity of

4  citizenship under the Class Action Fairness Act of 2005 ("CAFA"), because

5  Plaintiff alleges a class action, Plaintiff is diverse from Defendant, and the amount

6  in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2).

7  Plaintiff brings this action as a class action under Cal. Code Civ. Proc. § 382.

8  Ex. A, Compl. ¶ 11. Plaintiff alleges that he is a citizen of California. Ex. A,

9  Compl. ¶ 6. Defendant is not a citizen of California. *See* Ex. B, Articles of

10  Association for JPMorgan Chase Bank, National Association. In addition,

11  Plaintiff's class claims, when aggregated for potential class members, put into

12  controversy an amount in excess of $5 million. Removal under diversity

13  jurisdiction is therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

14  ### A.   Diversity Exists Between The Parties

15  The parties meet the diversity requirements of CAFA because Plaintiff is a

16  citizen of a different state from Defendant. 28 U.S.C. § 1332(d)(2)(A) (providing

17  that diversity is met under CAFA where "any member of a class of plaintiffs is a

18  citizen of a State different from any defendant"). Diversity therefore exists between

19  the parties under CAFA.

20  #### 1.   Plaintiff and the Members of the Putative Class Are Citizens of California.

21

22  At the time Plaintiff filed this action, he alleged that he is "a resident of Los

23  Angeles County in California." Ex. A, Compl. ¶ 6. Plaintiff also seeks to represent

24  a putative class of nonexempt employees who were employed in California. Ex. A,

25  Compl. ¶¶ 7, 11. For diversity purposes, Plaintiff is therefore considered a citizen

26  of California.

27  #### 2.   Defendant Is Not a Citizen of California.

28  For diversity determination purposes, Defendant is diverse from Plaintiff

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DEFENDANT'S NOTICE OF REMOVAL

1    because Defendant is not a citizen of California.  *See* Articles of Association for

2    JPMorgan Chase Bank (As Amended June 30, 2008), Ex. B.  Defendant is, and at

3    all pertinent times was, a federally chartered national bank with Columbus, Ohio

4    designated in its articles of association as the locus of its main office.  *Id.*

5            Pursuant to 28 U.S.C. § 1332 and 1348, and the United States Supreme

6    Court's decision in *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 307 (2006)

7    (holding that national banks are "located," for diversity jurisdiction purposes, in the

8    state designated in its articles of association as the locus of its main office),

9    Defendant is "located," for diversity purposes, in Columbus, Ohio.

10           Although Plaintiff has named 10 fictitiously- named "Doe" defendants, the

11   citizenship of these "Doe" defendants is disregarded for purposes of removal.  28

12   U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir.

13   1998) (for removal purposes, the citizenship of defendants sued under fictitious

14   names shall be disregarded).

15           Accordingly, Defendant is not a resident of California for diversity

16   jurisdiction purposes and is, therefore, diverse from Plaintiff.

17   **B.    The Amount Plaintiff Places in Controversy Exceeds $5 Million**

18           Pursuant to CAFA, the amount in controversy component of diversity

19   jurisdiction is satisfied when the aggregated claims of the individual members in a

20   class action exceed the sum or value of $5 million.  *See* 28 U.S.C. § 1332(d)(6).

21   Furthermore, Congress intended for federal jurisdiction to be appropriate under

22   CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the

23   viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the

24   type of relief sought (e.g., damages, injunctive relief, or declaratory relief.)."

25   Senate Judiciary Report, S. REP. 109-14, at 42.

26           Where, as here, a plaintiff does not expressly plead a specific amount of

27   damages, a defendant need only make a prima facie showing that it is more likely

28   than not that the amount in controversy exceeds $5,000,000.  *Singer v. State Farm*

*Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009).  "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal 2008) (citing *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).  This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'"  *Korn*, 536 F. Supp. at 1204-05.  In cases where statutory penalties are sought, "district courts in the Southern District of California and the Central District of California have looked to the statutory maximum . . . in determining whether the jurisdictional requirements of the CAFA have been met."  *Id.* at 1205.

In putative class actions seeking overtime, wage statement penalties, and/or waiting time penalties under California labor law, the amount in controversy for purposes of CAFA may be calculated by reference to the plaintiff's allegations and "the defendant's own numbers."  *Rippee*, 408 F. Supp. 2d at 985-86 (finding that the amount of waiting time penalties at issue could be "calculated by multiplying the number of former employees in the proposed class by thirty days' wages [that were] calculated by multiplying the average number of hours worked by the average rate of pay"); *see also Korn*, 536 F. Supp. 2d at 1206 (finding that the defendant could establish CAFA's jurisdictional minimum by demonstrating that there were more than 5,000 putative class claims given that the statutory maximum penalty for the plaintiff's claims was $1,000).

Here, while Chase denies Plaintiff's factual allegations and denies that he or any member of the class that he purports to represent is entitled to the relief for which he has prayed, aggregation of the value of Plaintiff's claims with those of the putative class "more likely than not" puts into controversy an amount well in excess of $5 million.

1. **Plaintiff's Sixth Cause of Action Seeking Penalties For The Alleged Failure to Pay All Wages Due Upon Termination Alone Exceeds $5,000,000.**

Plaintiff seeks to represent a putative class of similarly situated nonexempt employees in California. Ex. A, Compl. ¶ 6. Plaintiff's Complaint seeks penalties pursuant to Labor Code § 203 as a result of, *inter alia*, Chase's alleged "policy or practice of . . . paying incentive wages earned for the month prior to the month in which termination occurred at the end of the month in which termination occurred." Ex. A, Compl. ¶ 53.

This allegation alone, when aggregated for all putative class members, places into controversy well over $5,000,000 in damages. Assuming the truth of Plaintiff's allegation – which Chase does not concede – a terminated class member would not receive incentives earned in the penultimate month until the expiration of the following month in which they were terminated. In other words, Plaintiff has alleged that a *minimum* of 30 days passed before a class member received these incentive payments.

Although Chase denies any liability, assuming, *arguendo*, that Plaintiff's allegations were true, this claim places more than $6,900,000 in controversy. There are more than 2,000 Personal Bankers who have ended their employment with Chase during the relevant time period and were each paid at least $14.42 per hour. Ex. C, Decl. of Linda Goldsmith, ¶ 2.[1] Given Plaintiff's allegations, the total amount in controversy for this single claim is therefore $6,921, 600 ($14.42 per hour x 8 hours per day x 30 days x 2,000 putative class members = $6,921,600). Thus, the amount in controversy for this single claim for waiting time penalties places more than $5,000,000 in controversy.

2. <u>The Complaint Also Seeks Recovery of Attorney's Fees.</u>

The Complaint also seeks attorneys' fees. Ex. A, Compl. Prayer for Relief

---

[1] This declaration was originally attached to the Notice of Removal in the related case, *Simpson v. JPMorgan Chase Bank, N.A.*, U.S. District Court, Central District of California, Case No. 11-CV-06061-PSG-FMOx.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1    ¶ J.  Attorneys' fees are properly included in determining the amount in

2    controversy.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir.

3    2007); *Sanchez v. Wal-Mart Stores, Inc.*, No. Civ. S-06-cv-2573 DFL KJM, 2007

4    WL 1345706, *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute

5    or contract, are also part of the calculation.").

6          Although Chase denies Plaintiff's claim for attorney's fees, for purposes of

7    removal, the Ninth Circuit uses a benchmark rate of 25% of the potential damages

8    to estimate the amount of attorney's fees.  *In re Quintus Securities Litigation*, 148

9    F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the

10   common fund); *see also Molnar v. 1-800-Flowers.com, Inc.*, No. 08-CV-05420-

11   CAS-OJCx, 2009 WL 481618, *5 (C.D. Cal. Feb. 23, 2009) ("Applying a 25% fee

12   estimate to the $2,931,794.63 compensatory damages figure . . . yields an

13   attorneys' fee award of $732,948.65.  Therefore, the Court includes this amount in

14   determining the amount in controversy."); *Tompkins v. Basic Research LLC*, No.

15   CIV-S-08244-LKK-DAD, 2008 WL 1808316, *4 (E.D. Cal. Apr. 22, 2008) ("[T]he

16   Ninth Circuit has established that 25% of the common fund is a fair estimate of

17   attorneys' fees.  This therefore adds $500,000 to the amount in controversy.")

18   (internal citations omitted).

19         Given the $6,921,600 amount in controversy discussed above, an award of

20   25% attorney's fees would increase the amount in controversy by $1,730,400.

21   Thus, adding these statutory attorney's fees further increases Plaintiff's alleged

22   amount in controversy well in excess of $5 million.

23         3.    The Amount in Controversy Is Satisfied for Diversity
                 Jurisdiction Purposes.
24

25         Thus, although Chase denies Plaintiff's allegations and denies that he or the

26   class that he purports to represent are entitled to the relief for which they have

27   prayed, based on Plaintiff's allegations, theories, and prayer for relief, Plaintiff has

28   placed at least $8,652,000 in controversy ($6,921,600 in waiting time penalties and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1    attorneys' fees of $1,730,400 = $8,652,000), which far exceeds the $5 million

2    threshold set forth under CAFA.  This amount does not include the additional

3    damages sought by Plaintiff on his other claims, including: failure to pay all

4    overtime wages due on the minimum incentive compensation earned during the first

5    three months of employment, wages payable in the form of a voucher, or wages

6    payable in other noncash form; failure to provide accurate wage statements; and

7    failure to pay wages negotiable in cash form.  The addition of these claims

8    increases the amount in controversy even further above the jurisdictional minimum.

9       Because there is diversity between the parties and the amount-in-controversy

10   threshold has been satisfied in this Action, this Court has original subject matter

11   jurisdiction to hear this dispute.

12 **IV.**   **VENUE**

13       This action was originally filed in the Superior Court for the County of Los

14   Angeles, and is therefore removable to this district.  28 U.S.C. § 1441(a).

15 **V.**   **NOTICE**

16       Defendants will promptly serve this Notice of Removal on all parties and will

17   promptly file a copy of this Notice of Removal with the clerk of the state court in

18   which the action is pending, as required under 28 U.S.C. § 1446(d).

19       A true and correct copy of Plaintiff's original Complaint is attached hereto as

20   Exhibit A.

21       A true and correct copy of Chase's Articles of Association, As Amended

22   June 30, 2008, is attached hereto as Exhibit B.

23       A true and correct copy of the Declaration of Linda Goldsmith in support of

24   removal is attached hereto as Exhibit C.

25       A true and correct copy of Chase's Answer, filed in the Superior Court, is

26   attached hereto as Exhibit D.

27      / / /

28      / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DEFENDANT'S NOTICE OF REMOVAL

## VI.    **CONCLUSION**

Based on the foregoing, Defendant respectfully requests that this action be removed to this Court.  If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

Dated:          October 3, 2011                    MORGAN, LEWIS & BOCKIUS LLP


By _____
        Carrie A. Gonell
        Attorneys for
        JPMORGAN CHASE BANK, N.A.

# EXHIBIT "A"

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 26 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

Gregory N. Karasik (SBN 115834)
greg@karasiklawfirm.com
**Karasik Law Firm**
11835 W. Olympic Blvd. Ste. 1275
Los Angeles, CA 90064
Tel (310) 312-6800
Fax (310) 943-2582

Sahag Majarian II (SBN 146621)
sahagii@aol.com
**Law Office of Sahag Majarian II**
18250 Ventura Blvd.
Tarzana, California 91356
Tel (818) 609-0807
Fax (818) 609-0892

*Complex*

Attorneys for Plaintiff
JOSE YANEZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

JOSE YANEZ, individually and on behalf of
other persons similarly situated,

      Plaintiffs,

vs.

J.P. MORGAN CHASE BANK, NA; and
DOES 1 through 10.

      Defendants.

Case No.

BC468503

**CLASS ACTION**

**COMPLAINT**

1.    Failure to Pay Overtime Wages
2.    Failure to Provide Accurate Wage Statements
3.    Failure to Pay Wages Negotiable in Cash
4.    Unfair Competition
5.    Failure to Pay All Wages Owed Upon Termination
6.    Failure to Pay Wages Timely Upon Termination

**DEMAND FOR JURY TRIAL**

    Plaintiff Jose Yanez ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

    1.    This class action lawsuit arises out of the failure to defendant J.P. Morgan Chase Bank ("Defendant") to comply with various labor laws.  Chase fails to pay all the overtime wages owed to

This case is assigned to Dept. 324 at the Central Civil West Courthouse
for COMPLEX DETERMINATION ONLY

1
COMPLAINT

EXHIBIT "A" - PAGE 2

1    non-exempt employees who earn various types of incentive compensation.  Chase also fails to pay

2    incentive compensation to terminated non-exempt employees timely upon termination.  Chase also

3    fails to pay certain wages to non-exempt employees in a form negotiable in cash.

4           2.      Plaintiff is a member of and seeks to be the class representative for the Overtime Wages

5    Class, Wage Statement Class, Non-Cash Wages Class, Restitution Class, Unpaid Final Wages Class

6    and the Late Final Wages Class (collectively the "Class") defined in paragraph 11 below.

7           3.      Plaintiff seeks unpaid overtime wages, civil penalties, damages, restitution and statutory

8    penalties to which Plaintiff and other class members are entitled under the Labor Code, applicable

9    Wage Orders and/or Business and Professions Code Section 17203.

10                          **JURISDICTION AND VENUE**

11          4.      Venue is proper in this Judicial district and the County of Los Angeles because work

12   was performed by class members in the County of Los Angeles and Defendant's legal obligations to

13   class members under California law arose and were breached in the County of Los Angeles.

14          5.      The California Superior Court has jurisdiction in this matter because Plaintiff is a

15   resident of California, Defendant is qualified to do business in California, and Defendant regularly

16   conducts business in California.  Further, there is no federal question at issue as the claims herein are

17   based solely on California law.

18                                  **THE PARTIES**

19   Plaintiff

20          6.      Plaintiff is a resident of Los Angeles County in California.  From June 7, 2010 to June

21   2011, Plaintiff worked for Defendant as a personal banker at one of Defendant's branches in Panorama

22   City, California.  During his employment with Defendant, Plaintiff was a non-exempt employee who

23   was paid hourly wages and was also eligible to earn incentive compensation.  During the first three

24   months of his employment, Plaintiff was entitled to a minimum amount of incentive compensation of

25   $500 for any month in which he did not earn incentive compensation of more than $500.  Plaintiff

26   received the minimum amount of $500 in incentive compensation for the month of June 2010.

27   Although Plaintiff worked overtime hours during the month of June 2010, Defendant did not pay

28   Plaintiff any overtime wages with respect to the $500 in incentive compensation for that month.  At

2

COMPLAINT

1    times during his employment with Defendant, Plaintiff would receive wages in the form of noncash

2    awards or vouchers.  Although Plaintiff worked overtime hours during pay periods in which noncash

3    awards or vouchers were earned, Defendant did not pay Plaintiff any overtime wages with respect to

4    noncash awards or vouchers.  For all the pay periods Defendant failed to pay Plaintiff overtime wages

5    owed to him, Defendant failed to provide Plaintiff with accurate wage statements.  The vouchers given

6    to Plaintiff were not negotiable in cash.  The only way Plaintiff could use the vouchers was to redeem

7    them for merchandise from a particular merchant.  On June 9, 2011, Plaintiff advised Defendant that

8    Plaintiff intended to resign effective June 24, 2011.  Upon informed of Plaintiff's intent to resign,

9    Defendant terminated Plaintiff's employment effective June 9, 2011.  Despite discharging Plaintiff on

10   June 9, 2011, Defendant did not pay Plaintiff all the wages owed to him upon discharge on June 9,

11   2011 or even attempt to do so in a timely manner.  Defendant issued Plaintiff a paycheck on the next

12   regular payday after his termination, June 17, 2011, and Defendant issued Plaintiff another paycheck

13   on June 22, 2011.  On June 30, 2011, Defendant issued a statement reflecting the amount of incentive

14   compensation earned by Plaintiff for the month of May 2011 but, due to deducting too much from his

15   incentive compensation, Defendant failed to pay Plaintiff any of the incentive compensation owed to

16   him for the month of May 2011.  To date, Defendant has not paid Plaintiff any of the overtime wages

17   still due him or any penalty wages owed to him under Labor Code Section 203.

18          7.      The members of the Class are identifiable, similarly situated persons who were non-

19   exempt employees of Defendant not paid all their overtime wages, not provided accurate wage

20   statements, not paid wages in a form negotiable in cash, not paid all wages upon termination, and/or

21   not paid final wages timely upon termination.

22   Defendants

23          8.      Defendant is a national association organized under the laws of the United States.

24   Defendant provides banking services at various locations in California and other states.  At all times

25   relevant to this action, Defendant was the employer of Plaintiff and other members of the Class.

26          9.      Plaintiff is ignorant of the true names, capacities, relationships and extent of

27   participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 10, but is

28   informed and believes and thereon alleges that said defendants are legally responsible for the wrongful

3

COMPLAINT

1   conduct alleged herein and therefore sue these defendants by such fictitious names. Plaintiff will

2   amend this complaint to allege their true names and capacities when ascertained.

3       10.     Plaintiff is informed and believes and thereon alleges that each defendant acted in all

4   respects pertinent to this action as the agent of the other defendants and/or carried out a joint scheme,

5   business plan or policy in all respects pertinent hereto, and/or the acts of each defendant are legally

6   attributable to the other defendants.

7                           **CLASS ACTION ALLEGATIONS**

8       11.     Plaintiff brings this action on behalf of himself and on behalf of all other similarly

9   situated persons as a class action pursuant to Code of Civil Procedure Section 382. The members of

10   the Class belong to the Overtime Wages Class, Wage Statement Class, Non-Cash Wages Class,

11   Restitution Class, Unpaid Final Wages Class and/or the Late Final Wages Class defined as follows:

12   **Overtime Wages Class:** All persons who, at any time since the date three years before
13   the filing of the complaint, worked for Defendant as a non-exempt employee in the state
     of California and received any of the following for work performed during one or more
14   pay periods during which overtime hours were worked: 1) the minimum amount of $500
     in incentive compensation during the first three months of employment; 2) wages payable
15   in the form of a voucher; and/or 3) wages payable in some other noncash form.

16   **Wage Statement Class:** All persons who, at any time since the date one year before the
     filing of the complaint, worked for Defendant as a non-exempt employee in the state of
17   California and received any of the following for work performed during one or more pay
     periods during which overtime hours were worked: 1) the minimum amount of $500 in
18   incentive compensation during the first three months of employment; 2) wages payable in
     the form of a voucher; and/or 3) wages payable in some other noncash form.

19   **Non-Cash Wages Class:** All persons who, at any time since the date three years before
     the filing of the complaint, worked for Defendant as a non-exempt employee in the state
20   of California and received wages payable in the form of a voucher or wages payable in
     some other non-cash form.
21

22   **Restitution Class:** All persons who, at any time since the date four years before the
     filing of the complaint, worked for Defendant as a non-exempt employee in the state of
23   California and received any of the following for work performed during one or more pay
     periods during which overtime hours were worked: 1) the minimum amount of $500 in
24   incentive compensation during the first three months of employment; 2) wages payable in
     the form of a voucher; and/or 3) wages payable in some other noncash form.
25
     **Unpaid Final Wages Class:** All persons who worked for Defendant as a non-exempt
26   employee in the state of California, whose employment with Defendant ended at any time
     since the date three years before the filing of the complaint, who received any of the
27   following for work performed during one or more pay periods during which overtime
     hours were worked: 1) the minimum amount of $500 in incentive compensation during
28   the first three months of employment; 2) wages payable in the form of a voucher; and/or
     3) wages payable in some other noncash form.

                                    4
                              COMPLAINT

**Late Final Wages Class:**  All persons who worked for Defendant as an employee in the state of California, whose employment with Defendant ended at any time since the date three years before the filing of the complaint, whose final wages were paid by Defendant (by issuance of a paycheck or by direct deposit) one or more days after discharge or more than three days after resignation.

12.   This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well defined community of interests among many persons who comprise a readily ascertainable class:

a.   The Class members are so numerous that the individual joinder of all of them as named plaintiffs is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are not less than 100 members in the Overtime Wages Class, not less than 100 members in the Wage Statement Class, not less than 100 members in the Non-Cash Wages Class, not less than 100 members in the Restitution Class, not less than 100 members in the Unpaid Final Wages Class, not less than 100 members in the Late Final Wages Class, and not less than 500 members in the Class.

b.   Common questions of law and fact exist as to members of the Class and predominate over any questions which affect only individual members of the Class.  These common questions include, but are not limited to:

(1)   Did Defendant, in violation of Labor Code Section 510, fail to pay non-exempt employees all overtime wages owed to them?

(2)   Did Defendant, in violation of Labor Code Section 226, fail to provide accurate wage statements to non-exempt employees?

(3)   Did Defendant, in violation of Labor Code Section 212, fail to pay wages to non-exempt employees in a form negotiable in cash?

(4)   Did Defendant engage in unfair competition in violation of Business and Professions Code Section 17200?

(5)   Did Defendant, in violation of Labor Code Section 201 or 202, fail to pay non-exempt employees upon termination all the overtime wages they earned

5

COMPLAINT

prior to termination?

(6)    Did Defendant, in violation of Labor Code Section 201 or 202, fail to pay non-exempt employees incentive compensation owed upon termination timely after termination?

(7)    Is Defendant liable for damages under Labor Code Section 1194?

(8)    Is Defendant liable for civil penalties under Labor Code Section 226(e)?

(9)    Is Defendant liable for damages under Labor Code Section 212?

(10)    Is Defendant liable for restitution under Business and Professions Code Section 17203?

(11)    Is Defendant liable for penalty wages under Labor Code Section 203?

c.    Plaintiff is a member of the Overtime Wages Class, Wage Statement Class, Non-Cash Wages Class, Restitution Class, Unpaid Final Wages Class and Late Final Wages Class; and the claims of Plaintiff are typical of the claims of the other class members who Plaintiff seeks to represent.  Plaintiff was formerly employed by Defendant and was subjected to the same unlawful practices as other employees of Defendant.  Plaintiff and other members of the Class suffered the same injuries and seek the same relief.

d.    Plaintiff will adequately and fairly protect the interests of the members of the Class.  Plaintiff has no interest adverse to the interests of absent class members and Plaintiff is represented by legal counsel who have substantial class action experience in civil litigation and employment law.

e.    A class action is superior to other available means (if any) for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The monetary amounts due to many individual Class members are likely to be relatively small, and the

6

COMPLAINT

1  burden and expense of litigation would make it difficult or impossible for Class

2  members to seek and obtain relief through individual lawsuits.  A class action

3  will serve an important public interest by providing Class members an effective

4  mechanism for redress of violation of their statutory rights.

5      13.    Plaintiff is presently unaware of any difficulties that are likely to be encountered in the

6  management of this action that would preclude its maintenance as a class action, but reserves the right

7  to modify his allegations and/or the class definitions based on further investigation, discovery or legal

8  developments.

9  **FIRST CAUSE OF ACTION**

10  **FAILURE TO PAY OVERTIME WAGES**

11  **(By Plaintiff and the Overtime Wages Class against Defendants)**

12      14.    Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged

13  herein.

14      15.    At all relevant times, Plaintiff and the other members of the Overtime Wages Class

15  were employees of Defendants covered by Labor Code Section 510.

16      16.    Pursuant to Labor Code Section 510, Plaintiff and the other members of the Overtime

17  Wages Class were entitled to overtime wages payable at the rate of at least one and one half times their

18  regular rate of pay for all work in excess of eight hours in one workday or in excess of forty hours in

19  one workweek.

20      17.    Defendants failed to pay Plaintiff and other members of the Overtime Wages Class all

21  amounts of overtime wages owed in accordance with Labor Code Section 510.  Plaintiff is informed

22  and believes and thereon alleges that, during the limitations period applicable to this cause of action,

23  Defendants had a policy or practice of not paying overtime wages with respect to 1) the minimum

24  amount of $500 in incentive compensation during the first three months of employment; 2) wages

25  payable in the form of a voucher; and/or 3) wages payable in some other noncash form.

26      18.    As a result of Defendants' unlawful conduct, Plaintiff and other members of the

27  Overtime Wages Class have suffered damages in an amount, subject to proof, to the extent they were

28  not paid for all overtime wages earned

7
COMPLAINT

19.     Pursuant to Labor Code Section 1194, Plaintiff and other members of the Overtime Wages Class are entitled to recover the full amount of their unpaid overtime wages, interest thereon, reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (By Plaintiff and the Wage Statement Class against Defendants)

20.     Plaintiff incorporates paragraphs 1 through 20 of this complaint as if fully alleged herein.

21.     At all relevant times, Plaintiff and the other members of the Wage Statement Class were employees of Defendants covered by Labor Code Section 226.

22.     Pursuant to Labor Code Section 226(a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized wage statement showing, *inter alia*, the total amount of gross wages earned and the total amount of net wages earned.

23.     Defendants failed to provide Plaintiff and other members of the Wage Statement Class accurate itemized statements in accordance with Labor Code Section 226(a). Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendants had a policy or practice of not paying overtime wages with respect to 1) the minimum amount of $500 in incentive compensation during the first three months of employment; 2) wages payable in the form of a voucher; and/or 3) wages payable in some other noncash form. This resulted in Defendant not providing itemized statements accurately showing the total amount of gross wages earned or the total amount of net wages earned for pay periods when overtime wages were earned.

24.     Defendants' failure to provide Plaintiff and other members of the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and other members of the Wage Statement Class with accurate wage statements but intentionally provided wage statements that Defendants knew did not reflect the full amount of overtime wages earned.

25.     As a result of Defendants' conduct, Plaintiff and other members of the Wage Statement

8

COMPLAINT

1  Class have suffered injury.  The absence of accurate information on their wage statements has required

2  discovery and mathematical computations to determine the amount of wages owed and caused

3  difficulty and expense in attempting to reconstruct time and pay records.

4      26.     Pursuant to Labor Code Section 226(e), Plaintiff and other members of the Wage

5  Statement Class are entitled to recover fifty dollars for the initial pay period in which a violation of

6  Labor Code Section 226 occurred and one hundred dollars for each violation of Labor Code Section

7  226 in every subsequent pay period, not to an exceed an aggregate civil penalty of four thousand

8  dollars per employee.

9      27.     Pursuant to Labor Code Sections 218, 226(e) and 226(g), Plaintiff and other members

10  of the Wage Statement Class are entitled to recover the full amount of civil penalties due under Labor

11  Code Section 226(e), reasonable attorney's fees and costs of suit.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY WAGES NEGOTIABLE IN CASH**

**(By Plaintiff and the Non-Cash Wages Class against Defendants)**

15      28.     Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged

16  herein.

17      29.     At all relevant times, Plaintiff and the other members of the Non-Cash Wages Class

18  were employees of Defendants covered by Labor Code Section 212.

19      30.     Pursuant to Labor Code Section 212, Plaintiff and the other members of the Non-Cash

20  Wages class were entitled to payment of their wages in cash or in some other form negotiable in cash

21  without discount.

22      31.     Defendants failed to pay Plaintiff and other members of the Non-Cash Wages class all

23  their wages in cash or in some other form negotiable in cash without discount.  Plaintiff is informed

24  and believes and thereon alleges that, during the limitations period applicable to this cause of action,

25  Defendants had a policy or practice of paying certain wages by giving employees vouchers or other

26  noncash forms that were not negotiable in cash without discount.  For example, the vouchers could not

27  be redeemed for cash but could only be redeemed for merchandise from a particular merchant.

28      32.     As a result of Defendants' unlawful conduct, Plaintiff and other members of the Non-

9

COMPLAINT

1   Cash Wages have suffered damages, in an amount subject to proof, to the extent they did not receive

2   wages in a form negotiable in cash.

3    33.  Pursuant to Labor Code Sections 218, 218.5 and/or 218.6, Plaintiff and other members

4   of the Non-Cash Wages Class are entitled to recover the full amount of the wages not paid to them in

5   cash, interest thereon, reasonable attorney's fees and costs of suit.

6   **FOURTH CAUSE OF ACTION**

7   **UNFAIR COMPETITION**

8   **(By Plaintiff and the Restitution Class against Defendants)**

9    34.  Plaintiff incorporates paragraphs 1 through 20 of this complaint as if fully alleged

10  herein.

11   35.  The unlawful conduct of Defendants alleged herein constitutes unfair competition

12  within the meaning of Business and Professions Code Section 17200.

13   36.  As a result of Defendants' unfair competition, Plaintiff and other members of the

14  Restitution Class have suffered injury in fact and lost money or property.  Plaintiff and other

15  members of the Restitution Class have been deprived of their rights to overtime wages under

16  Labor Code Section 510 and have not been paid the fill amount of overtime wages owed to them.

17   37.  Pursuant to Business and Professions Code Section 17203, Plaintiff and other

18  members of the Restitution Class are entitled to restitution of all the overtime wages and interest

19  thereon rightfully belonging to them that Defendants failed to pay them and wrongfully retained

20  by means of its unlawful business practices.

21   38.  Plaintiff and the other members of the Restitution Class are entitled to recover

22  reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of

23  Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund

24  doctrine.

25  **FIFTH CAUSE OF ACTION**

26  **FAILURE TO PAY ALL WAGES OWED UPON TERMINATION**

27  **(By Plaintiff and the Unpaid Final Wages Class against Defendants)**

28   39.  Plaintiff incorporates paragraphs 1 through 20 of this complaint as if fully alleged

10
COMPLAINT

herein.

40.    At all relevant times, Plaintiff and the other members of the Unpaid Final Wages Class were employees of Defendants covered by Labor Code Sections 201 or 202.

41.    Pursuant to Labor Code Sections 201 or 202, Plaintiffs and the other members of the Unpaid Final Wages Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

42.    Defendants failed to pay Plaintiff and other members of the Unpaid Final Wages Class all wages earned and unpaid prior to termination in accordance with Labor Code Section 201 or 202.  Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendants had a policy or practice of not paying overtime wages with respect to 1) the minimum amount of $500 in incentive compensation during the first three months of employment; 2) wages payable in the form of a voucher; and/or 3) wages payable in some other noncash form.  This resulted in Defendant not paying all overtime wages earned prior to and payable upon termination.

43.    Defendants' failure to pay Plaintiff and other members of the Unpaid Final Wages Class all wages earned prior to termination in accordance with Labor Code Sections 201 or 202 was willful.  Defendants had the ability to pay all overtime wages earned by non-exempt employees who worked overtime hours but intentionally adopted policies or practices incompatible with the requirements of Labor Code Section 510.  When Defendants failed to pay upon termination all overtime wages earned prior to termination, Defendants knew what they were doing and intended to do what they did.

44.    Pursuant to Labor Code Section 201 or 202, Plaintiff and other members of the Unpaid Final Wages Class are entitled to all wages earned prior to termination that Defendants did not pay them.

11
COMPLAINT

45.     Pursuant to Labor Code Section 203, Plaintiff and other members of the Unpaid Final Wages Class are entitled to penalty wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of thirty days.

46.     As a result of Defendants' conduct, Plaintiff and the other members of the Unpaid Final Wages Class have suffered damages, in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination in violation of Labor Code Section 201 or 202.

47.     As a result of Defendants' conduct, Plaintiff and the other members of the Unpaid Final Wages Class have suffered damages, in an amount subject to proof, to the extent they were not paid for all penalty wages owed to them under Labor Code Section 203.

48.     Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of the Unpaid Final Wages Class are entitled to recover the full amount of their unpaid wages, unpaid penalty wages, reasonable attorney's fees and costs of suit.  Plaintiff and other members of the Unpaid Final Wages Class are entitled to recover pre-judgment interest on all due wages and penalty wages under Labor Code Section 218.6 and/or Civil Code Section 3287(a).

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY FINAL WAGES TIMELY UPON TERMINATION

### (By Plaintiff and the Late Final Wages Class against Defendants)

49.     Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged herein.

50.     At all relevant times, Plaintiff and the other members of the Late Final Wages Class were employees of Defendants covered by Labor Code Sections 201 or 202.

51.     Pursuant to Labor Code Sections 201 or 202, Plaintiffs and the other members of the Late Final Wages Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

12

COMPLAINT

52.     Defendants failed to pay Plaintiff and other members of the Late Final Wages Class all final wages timely upon termination in accordance with Labor Code Section 201 or 202.  Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendants had a policy or practice of a) paying regular wages earned prior to termination on regular paydays after termination or later; and/or b) paying incentive wages earned for the month prior to the month in which termination occurred at the end of the month in which termination occurred.

53.     Defendants' failure to pay Plaintiff and other members of the Late Final Wages Class final wages timely upon termination in accordance with Labor Code Sections 201 or 202 was willful.  Defendants had the ability to calculate and pay by the time final wages were due under Labor Code Sections 201 or 202 all regular and incentive wages earned prior to termination but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 and 202.  When Defendants failed to pay final wages timely upon termination, Defendants knew what they were doing and intended to do what they did.

54.     Pursuant to Labor Code Section 203, Plaintiff and other members of the Late Final Wages Class are entitled to penalty wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of thirty days.

55.     As a result of Defendants' conduct, Plaintiff and the other members of the Late Final Wages Class have suffered damages, in an amount subject to proof, to the extent they were not paid for all penalty wages owed to them under Labor Code Section 203.

56.     Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of the Late Final Wages Class are entitled to recover the full amount of their unpaid penalty wages, reasonable attorney's fees and costs of suit.  Plaintiff and other members of the Late Final Wages Class are entitled to recover pre-judgment interest on all due penalty wages under Labor Code Section 218.6 and/or Civil Code Section 3287(a).

/ / /

/ / /

/ / /

13

COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for judgment against Defendants as follows:

    A.     An order certifying this case as a class action;

    B.     An order appointing Plaintiff as representative for the Class;

    C.     An order appointing Plaintiff's counsel as counsel for the Class;

    D.     Damages for unpaid overtime wages under Labor Code Section 1194;

    E.     Civil penalties under Labor Code Section 226(e);

    F.     Damages for unpaid wages negotiable in cash under Labor Code Section 212;

    G.     Restitution for unpaid overtime wages under Business and Professions Code Section 17203.

    H.     Damages for unpaid penalty wages under Labor Code Section 203;

    I.     Pre-judgment interest at the maximum legal rate;

    J.     Reasonable attorney's fees;

    K.     Costs of suit; and

    L.     Such other relief as the Court may deem just and proper.

Dated:  August 26, 2011

                       KARASIK LAW FIRM

                       By

                       Gregory N. Karasik
                       Attorneys for Plaintiff
                       JOSE YANEZ

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the class on all claims so triable.

Dated:  August 26, 2011

                       KARASIK LAW FIRM

                       By

                       Gregory N. Karasik
                       Attorneys for Plaintiff
                       JOSE YANEZ

EXHIBIT "A" - PAGE 15

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Gregory N. Karasik (SBN 115834)<br>Karasik Law Firm<br>11835 W. Olympic Blvd., Suite 1275<br>Los Angeles, California 90064<br>TELEPHONE NO.: (310) 312-6800      FAX NO.: (310) 943-2582<br>ATTORNEY FOR *(Name)*: Plaintiff Jose Yanez | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>AUG 26 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____, Deputy<br>Shaunya Wesley |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles |
|---|
| STREET ADDRESS: 111 N. Hill Street |
| MAILING ADDRESS: Same |
| CITY AND ZIP CODE: Los Angeles, CA 90012 |
| BRANCH NAME: Central |

| CASE NAME:<br>Yanez v. Chase | |
|---|---|

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC 468503 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Fraud (16) | ☐ Residential (32) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Other petition *(not specified above)* (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*:  6
5. This case ☑ is ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 26, 2011

Gregory N. Karasik
_____
(TYPE OR PRINT NAME)                                    ► _____
                                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT "A" - PAGE 16

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court
    Case Matter
  Writ—Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

EXHIBIT "A" - PAGE 17

| SHORT TITLE: Yanez v. Chase | ⬤ | CASE ⬤ BER |
|---|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

EXHIBIT "A" - PAGE 18

| SHORT TITLE: Yanez v. Chase | ● | CASE NUMBER ● |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | ① 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXHIBIT "A" - PAGE 19

| SHORT TITLE: Yanez v. Chase | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: Yanez v. Chase | ● | CASE ●BER |
|---|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 111 N. Hill Street |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90017 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the **Stanley Mosk** courthouse in the **Central** District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: August 26, 2011

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

EXHIBIT "A" - PAGE 21

# EXHIBIT "B"

# JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

## CHARTER NO. 8

## ARTICLES OF ASSOCIATION

### (As Amended June 30, 2008)

For the purpose of organizing an Association to perform any lawful activities of national banks, the undersigned do enter into the following Articles of Association:

FIRST.  The title of this Association shall be JPMorgan Chase Bank, National Association (the "Association").

SECOND.  The main office of the Association shall be in the City of Columbus, County of Delaware, State of Ohio.  The general business of the Association shall be conducted at its main office and its branches.

THIRD.  The board of directors of this Association shall consist of not less than five nor more than twenty-five persons, the exact number to be fixed and determined from time to time by resolution of a majority of the full board of directors or by resolution of a majority of the shareholders at any annual or special meeting thereof.

FOURTH.  There shall be an annual meeting of the shareholders to elect directors and transact whatever other business may be brought before the meeting.  It shall be held at the main office or any other convenient place and on such date as the board of directors may designate.

FIFTH.  The authorized amount of capital stock of this Association shall be $1,815,000,000, divided into 150,000,000 shares of common stock of the par value of $12 each and 15,000,000 shares of preferred stock of the par value of $1 each; but said capital stock may be increased or decreased from time to time, according to the provisions of the laws of the United States.

In the event of any such increase in the capital stock of this Association by the sale of additional shares or the distribution of additional shares as a stock dividend, each shareholder of this Association (unless otherwise provided by the shareholders' vote or votes authorizing the increase) shall be entitled, in proportion to the number of shares of said capital stock owned by him before such increase, to proportionate rights in respect of such additional shares as follows: (1) to the extent that such shareholder's proportionate right in respect of such additional shares shall embrace one or more whole shares of such additional shares, to receive (a) in the case of a sale, a transferable warrant entitling the holder to subscribe, within the specified subscription period, for such one or more whole shares of such additional shares or (b) in the case of a stock dividend, a certificate evidencing such one or more whole shares of such additional shares; and

#48681 v4

Page 1 of 3

EXHIBIT "B" - PAGE 23

(2) to the extent that such shareholder's proportionate right in respect of such additional shares shall embrace a fraction of a share, to receive (a) in the case of a sale, a fractional subscription warrant, conditioned that it shall be void unless, within the specified subscription period, it is combined with other such fractional subscription warrants in the aggregate entitling the holder thereof to subscribe for a whole share or whole shares of such additional shares and such subscription is completed by such holder of such combined fractional warrants or (b) in the case of a stock dividend, a fractional warrant which shall not represent or entitle the holder thereof to any of the privileges of a shareholder of this Association but may be combined with other such fractional warrants in the aggregate entitling the holder thereof to exchange them for a whole share or whole shares of such additional shares and conditioned that the holder exchanging such combined fractional warrants for such whole share or whole shares of such additional shares shall receive any dividends applicable to such whole share or whole shares declared after the date of such fractional warrants and payable in respect of such whole share or whole shares at the time of such exchange.

In the event of an increase in the capital stock of this Association in pursuance of a statutory consolidation to which this Association may be a party, the additional shares shall be issued in such a manner as the contract or plan of consolidation may provide, pursuant to and in contemplation of the statute under which said consolidation is effected.

In the event of an increase in the capital stock of this Association in pursuance of a plan or contract (other than in the case of a statutory consolidation) for the acquisition by this Association of the assets, in whole or in part, and the good will of another banking institution or banker, the additional shares shall be subscribed for by or issued to any persons, firms, trustees or corporations, whether or not shareholders of this Association, as, in its discretion in the execution of such plan or contract, the Board of Directors may approve.

The Association, at any time and from time to time, may authorize and issue debt obligations, whether or not subordinated, without the approval of the shareholders.

SIXTH.   The Board of Directors shall appoint one of its members President of this Association, who shall be Chairman of the Board; but the Board of Directors may appoint a director, in lieu of the President, to be Chairman of the Board, who shall perform such duties as may be designated by the Board of Directors.   The Board of Directors shall have the power to appoint one or more Vice Presidents; to appoint a Cashier and such other officers as may be required to transact the business of this Association; to fix the salaries to be paid to all officers of this Association; and to dismiss such officers, or any of them; but the Board of Directors may delegate the authority to exercise such powers of appointment, salary determination and dismissal.

The Board of Directors shall have the power to define the duties of officers and employees of this Association, to require bonds from them, and to fix the penalty thereof; to regulate the manner in which directors shall be elected or appointed, and to appoint judges of election; in the event of an increase of the capital stock of this Association to regulate the manner in which such increase shall be made; to make all by-laws that it may be lawful for them to make for the general regulation of the business of this Association and the management of its affairs; and generally to do and perform all acts that it may be lawful for a Board of Directors to do and perform.

#48681 v4

SEVENTH.   The board of directors shall have the power to change the location of the main office to any other location permitted under applicable law, without the approval of the shareholders, and shall have the power to establish or change the location of any branch or branches of the Association to any other location permitted under applicable law, without the approval of the shareholders subject to such limitations as from time to time may be provided by law.

EIGHTH.   The corporate existence of this Association shall continue until termination according to the laws of the United States.

NINTH.   These Articles of Association may be amended at any regular or special meeting of the shareholders by the affirmative vote of the holders of a majority of the stock of this Association, unless the vote of the holders of a greater amount of stock is required by law, and in that case by the vote of the holders of such greater amount.

In witness whereof, we have hereunto set our hands as of June 30, 2008.

By /s/ James Dimon
James Dimon


By /s/ Frank J. Bisignano
Frank J. Bisignano


By /s/ Steven D. Black
Steven D. Black


By /s/ Michael J. Cavanagh
Michael J. Cavanagh


By /s/ Charles W. Scharf
Charles W. Scharf


By /s/ James E. Staley
James E. Staley


#48681 v4

EXHIBIT "B" - PAGE 25

# EXHIBIT "C"

**DECLARATION OF LINDA GOLDSMITH**

I, Linda Goldsmith, declare as follows:

1. I currently serve as Sr. Vice President, HR Bus Partner, for Defendant JPMorgan Chase Bank, N.A. ("Chase Bank"). I have personal knowledge of the facts stated herein, and if called and sworn as a witness, I could and would testify competently to these facts.

2. Since March 10, 2008, more than 2,000 Chase Bank branch employees in California who held the position of Personal Banker ended their employment with Chase Bank. Personal Bankers at Chase Bank: earn a base salary that is, on average, $30,000 to $42,000 per year, which is equivalent to a base hourly rate between $14.42 and $20.19 per hour; and have an opportunity to receive additional incentives.

3. While employed by Chase Bank, Regina Simpson's base hourly rate was $16.75 per hour for the majority of her employment.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 5th day of May, 2011 at Dallas, Texas.

Linda Goldsmith

# EXHIBIT "D"

1   MORGAN, LEWIS & BOCKIUS LLP
    CARRIE A. GONELL, State Bar No. 257163
2   cgonell@morganlewis.com
    JOHN D. HAYASHI, State Bar No. 211077
3   jhayashi@morganlewis.com
    ALEXANDER L. GRODAN, State Bar No. 261374
4   agrodan@morganlewis.com
    5 Park Plaza, Suite 1750
5   Irvine, CA  92614
    Tel: 949.399.7000
6   Fax: 949.399.7001

7   Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A.

8

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 3 0 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
      DOROTHY SWAIN

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF LOS ANGELES

11

12   JOSE YANEZ, individually and on behalf        Case No. BC468503
     of other persons similarly situated,
13                                                 DEFENDANT JPMORGAN CHASE BANK,
                        Plaintiffs,                N.A.'S ANSWER TO COMPLAINT
14
              vs.
15                                                 Complaint Filed:    August 26, 2011
     J.P. MORGAN CHASE BANK, NA; and               Trial Date:         None Set
16   DOES 1 through 10, inclusive,

17                      Defendants.

18

19        Defendant JPMORGAN CHASE BANK, N.A. ("Defendant") answers the unverified

20   Class Action Complaint ("Complaint") of Plaintiff JOSE YANEZ ("Plaintiff") as follows:

21                                  **GENERAL DENIAL**

22        Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies,

23   generally and specifically, each and every allegation in the Complaint.  Defendant further denies,

24   generally and specifically, that Plaintiff, or any member of the putative class, is entitled to the

25   relief requested, or that Plaintiff, or any member of the putative class, has been or will be

26   damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or any

27   of its past or present agents, representatives, or employees, acting in the course and scope of their

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

                                              ANSWER

1    employment. Furthermore, the claims of Plaintiff and the members of the putative class are

2    barred by another pending action involving the same legal claims and the same putative class.

3                                                    **DEFENSES**

4         Defendant also asserts the following defenses, without admitting any obligations

5    regarding who bears the burden of proof or persuasion as to any one of them and prays for

6    judgment as set forth below:

7                                              **FIRST DEFENSE**

8                                          **(Other Actions Pending)**

9         1.    The Complaint, and each purported cause of action contained therein, are barred

10   pursuant to California Code of Civil Procedure Section 430.10(c) and/or the rule of exclusive

11   concurrent jurisdiction because there are another actions pending on behalf of overlapping

12   putative classes of plaintiffs on overlapping causes of action, including but not limited to:

13   *Salazar v. JPMorgan Chase Bank, N.A.,* C.D. Cal. Case No. 11-cv-04294-PSG-PLAx; *Hightower*

14   *v. JPMorgan Chase Bank, N.A.*, U.S. District Court, Central District of California, Case No. 11-

15   cv-01802-PSG-PLAx; *Simpson v. JPMorgan Chase Bank*, U.S. District Court, Central District of

16   California, Case No. 11-cv-06061-PSG-FMOx; and *Al-Chaikh v. JPMorgan Chase Bank*, C.D.

17   Cal. CV 11-5646-PSG-PLAx.

18                                            **SECOND DEFENSE**

19                                                **(Release)**

20        2.    To the extent alleged members of the putative class have released claims alleged in

21   the Complaint, their claims are barred by those releases.

22                                              **THIRD DEFENSE**

23                                   **(Res Judicata/Collateral Estoppel)**

24        3.    The Complaint, and each purported cause of action contained therein, are barred

25   by the doctrines of res judicata and/or collateral estoppel.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-2-

ANSWER

EXHIBIT "D" - PAGE 30

## FOURTH DEFENSE

### (Arbitration)

4.     Plaintiff's claims and the claims of members of the putative class are barred because they are contractually bound to arbitrate all claims against Defendant.

## FIFTH DEFENSE

### (Failure to State a Cause of Action)

5.     The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

## SIXTH DEFENSE

### (Statutes of Limitations)

6.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Business and Professions Code Section 17208, Califorina Labor Code Section 203, and California Civil Procedure Code Sections 337, 338, 339, 340, and 343.

## SEVENTH DEFENSE

### (Laches)

7.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of laches.

## EIGHTH DEFENSE

### (Not Appropriate for Class Action)

8.     The Complaint, and each purported cause of action contained therein, is not proper for treatment as a class action because, among other reasons:  (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims; and (d) the individualized nature of Plaintiff's claims makes class treatment inappropriate.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-3-

ANSWER

EXHIBIT "D" - PAGE 31

## NINTH DEFENSE

### (Uncertainty)

9.     The claims of Plaintiff and those similarly situated, if any, are barred in whole or in part because the Complaint is uncertain in that the purported class definition is ambiguous and conclusory.

## TENTH DEFENSE

### (No Ascertainable Class)

10.     The purported class that the named Plaintiff purports to represent, the existence of which is expressly denied, is not ascertainable and, thus, no well-defined community of interest exists among the purported class members.

## ELEVENTH DEFENSE

### (Class Action Not Superior Method of Adjudication)

11.     The alleged claims are barred, in whole or in part, as a class action, because a class action is not the superior method for adjudicating this dispute.

## TWELFTH DEFENSE

### (Lack of Standing)

12.     The Complaint, and each purported cause of action contained therein, is barred for lack of subject matter juridiction to the extent Plaintiff, and those similarly situated, if any, lack standing to bring their claims.

## THIRTEENTH DEFENSE

### (Misjoinder of Parties/Not The Employer)

13.     The claims of Plaintiff and members of the putative class are barred against Defendant because Defendant was not at all relevant times the employer of Plaintiff and the members of the putative class defined in the Complaint.

## FOURTEENTH DEFENSE

### (Failure to Exhaust Administrative Remedies and/or Take Necessary Steps)

14.     The Court has no jurisdiction over the subject matter of the Complaint, or parts thereof, because Plaintiff and/or the putative class members have failed to exhaust administrative

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-4-

ANSWER

EXHIBIT "D" - PAGE 32

1    remedies and/or failed to take necessary steps required by the California Labor Code to initiate

2    this Complaint.

### FIFTEENTH DEFENSE

#### (Failure to Mitigate)

15.    Plaintiff, and those similarly situated, if any, have failed to mitigate their damages and, to the extent of such failure, any damages awarded should be reduced accordingly.

### SIXTEENTH DEFENSE

#### (De Minimis)

16.    The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the *de minimis* doctrine.

### SEVENTEENTH DEFENSE

#### (Just and Proper Exercise of Managerial Discretion)

17.    The claims of Plaintiff, and those similarly situated, are barred in that Defendant's actions were a just and proper exercise of management discretion and business judgment, which were undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

### EIGHTEENTH DEFENSE

#### (Unclean Hands)

18.    The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of unclean hands.

### NINETEENTH DEFENSE

#### (Waiver)

19.    The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of waiver.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-5-

ANSWER

EXHIBIT "D" - PAGE 33

1

### TWENTIETH DEFENSE

2

#### (Consent)

3        20.     The Complaint, and each purported cause of action contained therein, is barred to

4   the extent Plaintiff and members of the putative class consented to any alleged activity or

5   conduct.

6

### TWENTY-FIRST DEFENSE

7

#### (Setoff and Recoupment)

8        21.     If any damages have been sustained by Plaintiff or members of the putative class,

9   which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and

10   recoupment to offset all overpayments and/or all obligations that Plaintiff or members of the

11   putative class owed to Defendant against any judgment that may be entered against Defendant.

12

### TWENTY-SECOND DEFENSE

13

#### (Accord and Satisfaction, Payment)

14        22.     The claims of Plaintiff, and those similarly situated, are barred in whole or in part by

15   the principles of accord and satisfaction, and payment.

16

### TWENTY-THIRD DEFENSE

17

#### (Action Unconstitutional)

18        23.     Prosecuting a class action and certification of the allaged class as representative of

19   the general public under California Business and Professions Code Section 17200 is barred, under

20   the facts and circumstances of this case, because provisions of Section 17200 violate the

21   provisons of the United States and California Constitutions, including, but not limited to, the due

22   process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

23

### TWENTY-FOURTH DEFENSE

24

#### (Conduct Reasonable and in Good Faith/Not Willful)

25        24.     If Defendant is found to have failed to pay Plaintiff or any member of the putative

26   class any amount due, which allegations Defendant denies, then Defendant acted, at all relevant

27   times, on the basis of a good faith and reasonable belief that it had complied fully with California

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-6-

1    wage and hour laws.  Consequently, Defendant's conduct was not willful within the meaning of
2    the California Labor Code.

### TWENTY-FIFTH DEFENSE
**(Waiting Time Penalties)**

25.    The Complaint fails to state a claim for waiting time penalties under California Labor Code Section 203 in that members of the putative class did not resign or were not discharged prior to the filing of this action and/or to the extent that no such penalties can continue after the commencement of an action for the penalties.

### TWENTY-SIXTH DEFENSE
**(Penalties Unjust, Arbitrary, and Oppressive, or Confiscatory)**

26.    Plaintiff, and those similarly situated, if any, are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

### TWENTY-SEVENTH DEFENSE
**(Due Process/Excessive Fine)**

27.    Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article 1, and other provisions of the California Constitution.

EXHIBIT "D" - PAGE 35

### TWENTY-EIGHTH DEFENSE

**(No Entitlement to Jury Trial – Certain Claims)**

28.     Plaintiff is not entitled to a trial by jury on certain of his claims, including claims under the California Business and Professions Code Sections 17200 *et seq.*

### TWENTY-NINTH DEFENSE

**(No Violation of Underlying State or Federal Law)**

29.     Defendant is not liable for a violation of unlawful business practices pursuant to California Business and Professions Code Sections 17200 *et seq.* because it is not liable to Plaintiff or members of the putative class for any alleged violation of any underlying state laws.

### THIRTIETH DEFENSE

**(Overpayment)**

30.     To the extent Plaintiff, or any putative member of the purported class defined in the Complaint, was paid compensation beyond that to which he was entitled while employed by Defendant, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

### THIRTY-FIRST DEFENSE

**(Avoidable Consequences)**

31.     The claims of Plaintiff and putative members of the purported class defined in the Complaint are barred, or recovery reduced, because:  (a) Defendant took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided; and (c) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered, if any.

### THIRTY-SECOND DEFENSE

**(Attorneys' Fees and Costs Unwarranted)**

32.     The Complaint fails to state facts sufficient to support an award of attorneys' fees or costs.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-8-

ANSWER

## THIRTY-THIRD DEFENSE

### (FIRREA)

33.     The claims of Plaintiff and the putative class are barred because Plaintiff failed to exhaust the mandatory administrative review process for claims subject to the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), before bringing this lawsuit.

## THIRTY-FOURTH DEFENSE

### (Reservation of Rights)

34.     Defendant reserves the right to assert additional defenses as discovery proceeds and it becomes aware of additional facts and circumstances that provide the basis for additional defenses.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by reason of his Complaint;

2     That the Court deny Plaintff's request to certify this action as a class action;

3.     That the Complaint herein be dismissed in its entirety with prejudice, and that judgment be entered in favor of Defendant and against Plaintiff on all causes of action contained in the Complaint;

4.     That Defendant recovers its costs of suit incurred herein, including reasonable attorneys' fees, pursuant to California Labor Code § 218.5; and

5.     For such other and further relief as the Court deems just and proper.


Dated: September  30, 2011                    MORGAN, LEWIS & BOCKIUS LLP


                                              By  *Carrie Gonell (ACG)*
                                              Carrie A. Gonell
                                              Attorneys for Defendant
                                              JPMORGAN CHASE BANK, N.A.

EXHIBIT "D" - PAGE 37

**PROOF OF SERVICE**

*Yanez v. JPMC*
*LASC Case No. BC468503*

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On September 30, 2011, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO COMPLAINT**

[ ]   **BY FAX: (C.C.P. § 1013(a),(e); CRC 2008)** - by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[ X ]   **BY MAIL: (C.C.P. § 1013(a))** - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT MAIL (C.C.P. § 1013(c))** - By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[ ]   **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

[ ]   **BY ELECTRONIC SERVICE (C.C.P. § 1010.6(a)(6))** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on January 11, 2008. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is pmartin@morganlewis.com.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

EXHIBIT "D" - PAGE 38

| | |
|---|---|
| Gregory N. Karasik, Esq.<br>**Karasik Law Firm**<br>11835 W. Olympic Blvd., Suite 1275<br>Los Angeles, CA  90064<br>Phone: 310.312.6880<br>Fax:     310.943.2582<br>greg@karasiklaw.com | *Attorneys for JOSE YANEZ* |
| Sahag Majarian II, Esq.<br>**Law Offices of Sahag Majarian II**<br>18250 Ventura Blvd.<br>Tarzana, CA  91356<br>Phone: 818.609.0807<br>Fax:     818.609.0892<br>sahagli@aol.com | *Attorneys for JOSE YANEZ* |

[ X ]  **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[   ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on September 30, 2011, at Irvine, California.

*Patricia Martin*
Patricia Martin

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

# PROOF OF SERVICE

## *Yanez v. JPMorgan Chase Bank, N.A.*

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On October 3, 2011, I served on the interested parties in this action the within document(s) entitled:

### DEFENDANT'S NOTICE OF REMOVAL

[  ]  **BY FAX: -** by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[ X ]  **BY MAIL: -** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ]  **BY OVERNIGHT MAIL -** By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[  ]  **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED –** By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

[  ]  **BY ELECTRONIC SERVICE -** the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on October 3, 2011.  The transmission was reported as complete and without error.  My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614.  My e-mail address is pmartin@morganlewis.com.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

Document12
Include Draft Include Date Include Time

PROOF OF SERVICE

**[  ]**      **BY E-FILE** – I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Gregory N. Karasik, Esq.<br>**Karasik Law Firm**<br>11835 W. Olympic Blvd., Suite 1275<br>Los Angeles, CA 90064<br>Phone:       310.312.6880<br>Fax:   310.943.2582<br>greg@karasiklaw.com | *Attorneys for Plaintiff JOSE YANEZ* |
| Sahag Majarian II, Esq.<br>**Law Offices of Sahag Majarian II**<br>18250 Ventura Blvd.<br>Tarzana, CA 91356<br>Phone:       818.609.0807<br>Fax:   818.609.0892<br>sahagli@aol.com | *Attorneys for Plaintiff JOSE YANEZ* |

**[ X ]  FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on October 3, 2011, at Irvine, California.

_____
Patricia Martin

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22701654.1

-2-

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV11- 8217 GAF (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
    **312 N. Spring St., Rm. G-8**
    **Los Angeles, CA 90012**

[ ] **Southern Division**
    **411 West Fourth St., Rm. 1-053**
    **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
    **3470 Twelfth St., Rm. 134**
    **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Jose Yanez, individually and on behalf of others similarly situated | JPMorgan Chase Bank, N.A. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Gregory M. Karasik<br>11835 W. Olympic Blvd. Suite 1275<br>Los Angeles, CA 90064; Tel. 310.312.6880 | Morgan Lewis & Bockius, LLP<br>Carrie A. Gonell, John D. Hayashi<br>5 Park Plaza, Suite 1750, Irvine, CA 92614; Tel. 949.399.7000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding     ☒ 2 Removed from State Court     ☐ 3 Remanded from Appellate Court     ☐ 4 Reinstated or Reopened     ☐ 5 Transferred from another district (specify):     ☐ 6 Multi-District Litigation     ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441, 1446 and 1453

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV11 08217**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                           CIVIL COVER SHEET                           Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑Yes
If yes, list case number(s):  See Notice of Related Cases

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
                ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note: In land condemnation cases, use the location of the tract of land involved</u>

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _CARRIE GONELL_      Date 10/3/11

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |