Gregory N. Karasik (SBN 115834)
greg@karasiklawfirm.com
**Karasik Law Firm**
11835 W. Olympic Blvd. Ste. 1275
Los Angeles, CA 90064
Tel (310) 312-6800
Fax (310) 943-2582

Sahag Majarian II (SBN 146621)
sahagii@aol.com
**Law Office of Sahag Majarian II**
18250 Ventura Blvd.
Tarzana, California 91356
Tel (818) 609-0807
Fax (818) 609-0892

Attorneys for Plaintiff
JOSE YANEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF LOS ANGELES

| | |
|---|---|
| JOSE YANEZ, individually and on behalf of other persons similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>JP MORGAN CHASE BANK, NA; and DOES 1 through 10.<br><br>　　　　　Defendants. | Case No. CV 11-8217 PSG (PLAx)<br><br>CLASS ACTION<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND**<br><br>Date:　December 12, 2011<br>Time:　11:00 a.m.<br>Ctrm:　880 (Roybal) |

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................. 1

I.   Status As A Personal Banker Does Not Automatically Make A Person A Member Of The Late Final Wages Class ................................................ 1

II.  Chase's Straw Man Arguments Are Irrelevant ........................................... 2

III. The Authorities Relied On By Plaintiff Are Not Distinguishable ............. 3

CONCLUSION ........................................................................................................... 4

i

## INTRODUCTION

Unable to meet head on Plaintiff's arguments in support of remand, defendant Chase resorts to misdirection. First, Chase suggests that removal was proper because other cases, that while related to this case are not "copy cat" cases as speciously argued by Chase, were properly removed. Obviously, the propriety of removal in one case is not germane to the propriety of removal in another. Second, Chase totally mischaracterizes Plaintiff's arguments. While Chase knocks down straw man arguments never made by Plaintiff, Chase utterly fails to come to grips with the flaws in removal here – the failure to substantiate the number of class members and the failure to demonstrate the amount of damages allegedly suffered by class members.

Contrary to its bald assertions, the authorities relied on by Plaintiff that similarly involve improvident removal based on speculation and assumptions are persuasive. Because Chase did not meet its burden of proving the requisite amount in controversy "by a preponderance of evidence" but relied on speculation and assumption about both the number of class members and their alleged damages, the case should be remanded.

## ARGUMENT

### I. Status As A Personal Banker Does Not Automatically Make A Person A Member Of The Late Final Wages Class

In support of remand, Plaintiff contends that just because a person is a Personal Banker does not mean that the person is necessarily a member of the Late Final Wages Class. In opposition to remand, Chase just ignores this contention and utterly fails to explain why, just because it says there are 2,000 Personal Bankers, there would necessarily be 2,000 persons in the Late Final Wages Class. Chase avoids this issue because it has no evidence to demonstrate the actual number of class members.

In paragraph 11 of the Complaint, the Late Final Wages Class is defined as follows:

> All persons who worked for Defendant as an employee in the state of California, whose employment with Defendant ended at any time since the

date three years before the filing of the complaint, whose final wages were paid by Defendant (by issuance of a paycheck or by direct deposit) one or more days after discharge or more than three days after resignation.

Clearly, membership in the Late Final Wages Class does not turn on job title alone. The only persons in the Late Final Wages Class are those, regardless of job title, who were paid their final wages late. Chase cannot point to any evidence it submitted to the Court or to any allegation in Plaintiff's complaint to support the notion that every Personal Banker is necessarily paid final wages late. As explained in Plaintiff's remand motion, Personal Bankers who did not earn incentive compensation during either of the last two months of their employment would not necessarily have been paid their final wages late. Instead of providing this Court with evidence about the number of Personal Bankers (or other employees) paid final wages late, Chase just continues to rely on the general number of Personal Bankers without any evidence to substantiate that any of them are actually members of the Late Final Wages Class.

This case does not resemble any of the inapposite cases relied on by Chase where there was no dispute about the number of class members. Here, Chase has provided absolutely zero evidence to substantiate the number of class members.

## II.   Chase's Straw Man Arguments Are Irrelevant

Because it cannot come to grips with the flaws in removal pointed out by Plaintiff it his remand motion, Chase resorts to knocking down two straw man arguments never asserted by Plaintiff. None of Chase's contentions about these irrelevant matters cures the defects in removal that dictate remand.

### 100% Violation Rate

Chase erroneously contends that "Plaintiff argues that Defendant is not entitled to base the removal calculations on a 100% violation." (Opposition p. 4). That is not what Plaintiff contends. Plaintiff agrees with Chase, and all the authorities cited by Chase in this regard, that a 100% violation rate is appropriate for calculating the amount in

controversy. The problem in this case, however, is not the violation rate. The flaw in removal here is that Chase has not substantiated the <u>number</u> of class members to begin with. Chase's arguments about the violation rate are irrelevant.

<u>The Merits</u>

Chase erroneously contends that "Plaintiff argues that Chase can only establish the amount in controversy by proving the merits of the claims of Plaintiff." (Opposition p. 6). Again, that is not what Plaintiff claims. In his remand motion, Plaintiff points out that, in light of the definition of the Late Final Wages Class, mere status as a Personal Banker does not automatically make a person a member of the Late Final Wages Class. Plaintiff also explains that, for those Personal Bankers who did not earn incentive wages in either of their last two months of employment, Chase has not provided the Court with any evidence to demonstrate the amount of their <u>alleged</u> damages based on the number of days they were paid late.

Plaintiff does not remotely contend that Chase must prove the merits of Plaintiff's claims. What Plaintiff does contend is that Chase was required to substantiate the number of members in the Late Final Wages Class and Chase was required to substantiate the amount of their alleged damages. Chase has done neither and its straw man arguments about having to prove the merits of Plaintiff's claims are irrelevant.

### III. The Authorities Relied On By Plaintiff Are Not Distinguishable

Chase's attempts to distinguish the authorities relied on by Plaintiff have no merit. *PHLD Partnership v. Arch Speciality Ins. Co.* (S.D. Fla. 2008) 565 F.Supp.2d 1342 illustrates how removal cannot be predicated on the number of potential class members but can only be based on the actual number of class members. The improvident removal by Chase here, without evidence of the actual number of persons who are members of the Late Final Wages Class, suffers from the same flaw that made improvident the removal by the defendant in *PHLD Partnership*.

*Bartinkowski v. NVR, Inc.* (M.D. N.C. 2008) 2008 WL 2512839 illustrates that removal cannot be predicated on assumptions about damages that lack evidentiary

1  support. The improvident removal by Chase here, without evidence of the actual
2  amount of damages alleged by members of the Late Final Wages Class, suffers from
3  the same flaw that made improvident the removal by the defendant in *Bartinkowski*.

4  The facile argument by Chase that it has applied "undisputed evidence to
5  Plaintiff's allegations in a straightforward calculation" (Opposition p. 8) does not
6  distinguish this case from either *PHLD Partnership* or *Bartinkowski* or address either of
7  the two critical flaws in Chase's methodology here: its patent failure to substantiate the
8  number of class members or its patent failure to substantiate the amount of damages
9  alleged by class members. Just like in *PHLD Partnership* and *Bartinkowski*, Chase has
10 not proved the requisite amount in controversy by a "preponderance of evidence."
11 *Singer v. State Farm Mut. Auto. Ins. Co.* (9th Cir. 1997) 116 F.3d 373, 376. The
12 conclusion is inescapable that Chase did not remotely meet its burden of "<u>actually
13 proving the facts</u> to support jurisdiction." *Sanchez v. Monumental Life Ins. Co.* (9th Cir.
14 1996) 102 F.3d 398, 404.

## **CONCLUSION**

Chase has not substantiated either the number of persons in the Late Final Wages Class or how much any of them seek in damages. Because Chase did not prove by a preponderance of competent evidence that the amount in controversy in fact exceeds $5,000,000 the Court lacks jurisdiction and the case must be remanded.

Dated: November 28, 2011              KARASIK LAW FIRM


                                       By   /s/ Gregory N. Karasik
                                            Gregory N. Karasik
                                            Attorneys for Plaintiff
                                            JOSE YANEZ